IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICKY LAVELL JENNINGS, § <br> #55384-177 § <br>     Movant, § <br> § <br> v. § <br> § <br> UNITED STATES of AMERICA, § <br>     Respondent. § <br> § | No. 3:21-cv-00690-K <br> No. 3:17-cr-00045-K-1 |

## MEMORANDUM OPINION AND ORDER

Movant Ricky Lavell Jennings ("Jennings") filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (doc. 1). For the reasons addressed below, Jennings' motion to vacate is DENIED with prejudice, and a certificate of appealability (COA) is denied.

### I. BACKGROUND

Jennings pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (count one); and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (count two). On May 9, 2018, the Court sentenced him to 180 months' imprisonment on each of counts one and two, with the terms ordered to run concurrently.

Jennings appealed to the Fifth Circuit Court of Appeals. His appellate attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United*

*States v. Flores*, 632 F.3d 229 (5th Cir. 2011). On March 23, 2020, the Fifth Circuit agreed with appellate counsel's assessment that the appeal presented no nonfrivolous issue for appellate review and dismissed the appeal. *See United States v. Jennings*, 798 F. App'x 820 (5th Cir. 2020) (per curiam).

On March 18, 2021, Jennings filed his § 2255 motion, and he presented two claims. First, Jennings argues that his Texas aggravated assault no longer qualifies as a "violent felony" under the Armed Career Criminal Act ("ACCA") following the Fifth Circuit's decision in *United States v. Flores*, 922 F.3d 681 (5th Cir. 2019). Second, he argues that his attorney provided ineffective assistance of counsel during the plea stage and on direct appeal.

## II. DISCUSSION

**1. Jennings' *Flores* claim is meritless.**

Jennings initially argues that under the Fifth Circuit's decision in *Flores*, 922 F.3d at 681, his prior Texas convictions for aggravated assault can no longer support a sentence enhancement under ACCA. (Doc. 2 at 6-9.) As discussed below, *Flores* is inapplicable to Jennings' case, and this claim fails on the merits.

In *Flores*, the Fifth Circuit applied *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016), and held that "aggravated assault under Texas law does not categorically require the use or carrying of a knife, firearm, or destructive device, and cannot qualify as a predicate offense under ACCA for *juvenile* adjudications." *Flores*, 922 F.3d at 685

2

(emphasis added); *see also United States v. Wallace*, No. 6:19-56, 2020 WL 2563572, at *2 (S.D. Tex. May 18, 2020).

*Flores* has no application to Jennings because his ACCA sentence enhancement was not predicated on any juvenile convictions. PSR ¶ 27. In fact, Jennings had no juvenile adjudications. PSR ¶ 33. Consequently, *Flores* is inapplicable to Jennings' case, and this claim should be denied.

**2. Jennings' ineffective assistance of counsel claims.**

Jennings argues that his attorney provided ineffective assistance of counsel pre-plea and on direct appeal. Specifically, Jennings contends that his attorney represented him under a conflict of interest and was objectively unreasonable by encouraging him to plead guilty without entering into a written plea agreement. (Doc. 2 at 11-13.) Jennings also contends that on direct appeal, his attorney should have raised a claim under *Flores*. *Id.* at 13-14.

**A. Jennings' pre-plea claims are waived.**

A guilty plea generally waives all nonjurisdictional defects in the proceedings. *See United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992) (citations omitted); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). "This includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith*, 711 F.2d at 682 (citations omitted). And "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise

3

independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also United States v. Smallwood*, 920 F2d 1231, 1240 (5th Cir. 1991).

Jennings does not allege that his guilty plea was involuntary, and his ineffective assistance of counsel claims do not relate to the voluntariness of his plea. Therefore, Jennings waived his pre-plea ineffective assistance of counsel claims. Additionally, to establish ineffective assistance of counsel in the context of a guilty plea, a movant, such as Jennings, must allege that "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Jennings fails to allege that but for attorney's alleged deficient performance, he would have insisted on proceeding to trial. Accordingly, Jennings' pre-plea ineffective assistance of counsel claims are waived, and they will be dismissed.

### B. Jennings has failed to show his attorney provided deficient performance on appeal.

Jennings argues that his attorney provided ineffective assistance of counsel on appeal when he filed an *Anders* brief and failed to challenge his ACCA sentence under *Flores*. (Doc. 2 at 20-21.)

To sustain a claim of ineffective assistance of counsel, a movant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive the movant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of

4

counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

A defendant is entitled to effective assistance of counsel on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 394 (1985). The proper standard for evaluating a claim that appellate counsel was ineffective is the two-prong standard set forth in *Strickland*. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998); *see also Blanton v. Quarterman*, 543 F.3d 230, 240 (5th Cir. 2008) ("In reviewing a claim alleging ineffective assistance of appellate counsel we apply the traditional *Strickland* standard."). To demonstrate prejudice in the context of an appellate counsel claim, a movant must show a reasonable probability that he would have prevailed on his appeal. *Robbins*, 528 U.S. at 285; *see also Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001). "On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Green*, 160 F.3d at 1043. "Rather, it means, as it does at trial, counsel performing in a reasonably effective manner." *Id.* To demonstrate prejudice, a movant must "show a reasonable probability that, but for his counsel's unreasonable failure ..., he would have prevailed on his appeal." *Briseno*, 274 F.3d at 207. Although it is "possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, [] it is difficult to demonstrate that counsel was incompetent." *Robbins*, 528 U.S. at 288.

As discussed, *Flores* has no application to Jennings' case. Therefore, he cannot show that his attorney provided deficient performance for failing to raise a meritless argument on appeal. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (failure to raise a meritless argument cannot support an ineffective assistance of counsel claim). Likewise, Jennings cannot demonstrate that he was prejudiced by his attorney's performance.

### C. Jennings is not entitled to an evidentiary hearing.

Last, Jennings moves for an evidentiary hearing under *United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007). (Doc. 2 at 17.) With a § 2255 motion, an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) (citing *Sosa v. United States*, 550 F.2d 244, 250 (5th Cir. 1977)). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)); *see also United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citing *Cervantes*, 132 F.3d at 1110).

As discussed, each of Jennings' claims should be dismissed or denied. He has therefore failed to demonstrate that his motion warrants an evidentiary hearing, and his request for an evidentiary hearing must be denied.

### III. CERTIFICATE OF APPEALABILITY

Finally, the Court will address whether the issuance of a COA is appropriate here. Under Rule 11 of the Rules Governing Section 2255 Proceedings, the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA will be issued only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003); *accord Foster v. Quarterman*, 466 F.3d 359, 364 (5th Cir. 2006). The applicant makes a substantial showing if he demonstrates "that jurists of reason could debate the propriety of the district court's assessment of his constitutional claims or conclude that his claims 'are adequate to deserve encouragement to proceed further.'" *United States v. Wainwright*, 237 F. Appx. 913, 914 (5th Cir. 2007) (per curiam) (quoting *Miller-El*, 537 U.S. 322 at 327); *see Foster*, 466 F.3d at 364. Considering the specific facts of this case and the relevant law, the Court fails to find that "jurists of reason could debate the propriety" of the actions taken in this order or otherwise conclude "that [the] claims are adequate to deserve encouragement to proceed further." Therefore, the Court denies Jennings a COA.

## IV.  CONCLUSION

For the foregoing reasons, Jennings' § 2255 motion is DENIED with prejudice.

The Court also DENIES a certificate of appealability.

SO ORDERED.

Signed November 29th, 2022.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE